IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE GRAY,

        Plaintiff,                        No. CIV S-07-2400 FCD EFB P

    vs.

ARNOLD SCHWARZENEGGER,

        Defendant.               <u>ORDER</u>

_____/

     Plaintiff, a prisoner without counsel who is confined at Mule Creek State Prison, originally filed his pleading and a request for leave to proceed *in forma pauperis* in the United States District Court for the Northern District of California. That court reviewed plaintiff's pleading, construed this action as a civil rights action challenging the conditions of plaintiff's confinement, dismissed all plaintiff's claims concerning the fact or duration of his confinement and transferred the case to this court. Since those claims are not part of this action, the court denies plaintiff's January 18, 2008, motion for resentencing. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Thus, the court reviews the application for leave to proceed *in forma pauperis* and the claims in the January 10, 2008, first amended complaint.

////

1

1    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

2    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C.
3   § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income
4   credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff
5   shall forward payments from plaintiff's account to the Clerk of the Court each time the amount
6   in the account exceeds $10 until the filing fee is paid.

7    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it
8   does not state a cognizable claim against the defendant. To proceed, plaintiff must file an
9   amended complaint.

10   Plaintiff sues Governor Schwarzenegger on the ground that California's prisons are
11  overcrowded. He alleges that because of the overcrowding, "the health care system is
12  impossible to run" and that "MRSA and AIDS and other well [sic] infections diseases are
13  imbedded in the CDCR system." Compl., at 6. He alleges that unidentified staff at Mule Creek
14  State prison have attempted to hide the spread of contagious diseases by transferring plaintiff to
15  High Desert State Prison. *Id.*, at 6-7. Plaintiff cannot pursue an action on the ground that the
16  prisons are overcrowded. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so
17  amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no
18  specific deprivation of a single human need exists."). While it is possible that overcrowding has
19  caused a violation of plaintiff's rights, he must allege the circumstances of the alleged violation.
20  For example, to state a claim that the conditions of imprisonment violate the Eighth Amendment
21  prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was
22  deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or
23  safety. *See Wilson*, 501 U.S. at 302-03; *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A
24  prison official is deliberately indifferent when he knows of and disregards a risk of injury or
25  harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509
26  U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim that he has

received constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 837. Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Furthermore, to state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff's allegations fail to state a claim under either of these theories.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).
////

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint, plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's January 18, 2008, request for resentencing is denied;

4. The January 10, 2008, first amended complaint is dismissed with leave to amend within 30 days of the date this order is signed. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended

////

////

complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: April 2, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE