IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE GRAY,

      Plaintiff,                         No. CIV S-07-2400 FCD EFB P

    vs.

ARNOLD SCHWARZENEGGER,

      Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court are plaintiff's January 28, 2008, request for oral argument and March 3, 2008, request for immediate release. The court construes the requests as a motion for preliminary injunctive relief. For the reasons explained below, the motions must be denied.

       A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory

preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Here, plaintiff not only fails to demonstrate a likelihood of success on the merits, he fails to raise serious questions. Indeed, his January 10, 2008, first amended complaint, which alleges that overcrowding in California's prisons has made it impossible for him to receive adequate health care, was screened pursuant to 28 U.S.C. § 1915A and found to fail to state a claim. Accordingly, it was dismissed with leave to amend and plaintiff has yet to state a claim for relief. At an irreducible minimum, an applicant for a preliminary injunction must show some possibility of success on the merits.

The January 28 and the March 3, 2008, requests seek an order directing Governor Schwarzenegger to release him from prison. The January 28 request alleges that the overcrowding in California's prisons justifies his release. The March 3 request alleges that a spread of influenza and water contaminated with unacceptably high levels of arsenic place him at a serious risk of harm. There is no evidence that either allegation can support an order for plaintiff's release. Although he does not state whether he himself was vaccinated, he concedes that prisoners were released from their cells to be vaccinated against the influenza virus. He

alleges that he suffers from headaches, back aches and swelling in his feet.  Plaintiff makes no allegations that he has sought medical attention for these symptoms.  There is no basis for finding that the symptoms plaintiff alleges are related to having contracted influenza or to ingesting water contaminated with arsenic.

Furthermore, as noted above, plaintiff has failed to state a claim thus far.  He therefore has not demonstrated a possibility that he could prevail on the merits.  Without having stated a claim for relief or demonstrated facts adequate to show he is at risk of irreparable harm, his requests must be denied.

Accordingly, it hereby is RECOMMENDED that plaintiff's January 28, 2008, and March 3, 2008, motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 2, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE